# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00389-COA

**STEVE STRAUSBAUGH**                                          **APPELLANT**

**v.**

**BRENDA LUMPKIN AND DIANE MARS**                             **APPELLEES**

DATE OF JUDGMENT:            02/14/2018
TRIAL JUDGE:                 HON. PRENTISS GREENE HARRELL
COURT FROM WHICH APPEALED:   PEARL RIVER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      STEVE STRAUSBAUGH (PRO SE)
ATTORNEY FOR APPELLEES:      NATHAN S. FARMER
NATURE OF THE CASE:          CIVIL - CONTRACT
DISPOSITION:                 AFFIRMED - 06/18/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLTON, P.J., LAWRENCE AND C. WILSON, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.     Steve Strausbaugh filed suit against Brenda Lumpkin and Diane Mars (Defendants), claiming they sold him property with undisclosed termite damage. The Defendants filed a motion for summary judgment, which the Pearl River County Circuit Court granted. Strausbaugh appealed pro se. When designating the record on appeal, Strausbaugh intentionally omitted documents in the record necessary for our review. As a result, we presume the circuit court's ruling that Strausbaugh has raised no genuine issue of material fact was correct. Accordingly, we affirm.

## STANDARD OF REVIEW

¶2.     An appellate court conducts a de novo review of a ruling court's decision to grant a

motion for summary judgment. *Terry v. Oby T. Rogers PLLC*, 256 So. 3d 1175, 1180 (¶31) (Miss. 2018). We must determine whether "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c).

## DISCUSSION

¶3.    Strausbaugh's pro se designation of the record states:

> Pursuant to M.R.A.P. 10(b)(1), plaintiff designates the following parts of the record as being necessary to be included on appeal:
> NONE of the clerk's papers, trial transcripts[,] and exhibits filed, taken[,] or offered in this case.
>
> The relevant documents were not allowed to be accepted by the court on the day of hearing as I was not allowed access to my email as was the defendants['] attorney and/or were not available on the day of hearing are not part of the record [sic].

As a result, the appellate record contains two copies of the circuit clerk's docket entries, the circuit court's summary judgment order, and Strausbaugh's notice of appeal.[1] The record lacks Strausbaugh's complaint, the Defendants' answer, the Defendants' motion for summary judgment, the memorandum in support of the motion for summary judgment, Strausbaugh's

---

[1] Strausbaugh attached eight "exhibits" to his thirty-five page notice of appeal. He described the exhibits as follows: (A) "Defendants responses," (B) "Defendants Disclosures," (C) "MS Official Wood Destroying Insect Report," (D) "email of inspection report," (E) "property disclosure statement," (F) "contract for sale," (G) "Circuit Court Ruling," and (H) "email from circuit court setting forth rules for cell phones for everyone other than attorneys."

2

motion for summary judgment, Strausbaugh's response to the Defendants' motion for summary judgment, the Defendants' rebuttal to Strausbaugh's response, Strausbaugh's rebuttal, and the transcript of the summary judgment hearing when the Motion was argued before the circuit court.

¶4.     On appeal, the Defendants argue that Strausbaugh failed to provide an adequate record. We agree. Strausbaugh filed a notice of appeal but failed to provide this Court with the record from the circuit court, which was the subject of this appeal. Further, Strausbaugh did not file a reply brief, and he has not attempted to supplement the record. "Mississippi appellate courts may not consider information that is outside the record." *Hardy v. Brock*, 826 So. 2d 71, 76 (¶26) (Miss. 2002) (citing *Dew v. Langford*, 666 So. 2d 739, 746 (Miss. 1995)). Therefore, this Court must presume the trial court's rulings are correct unless the record shows otherwise. *Id*.

¶5.     This Court has the authority to order supplementation of the record on its own motion "[i]f anything material to either party is omitted from the record *by error or accident . . . .*" M.R.A.P. 10(e) (emphasis added). But that is not what occurred here. Strausbaugh emphasized that he wanted *none* of the clerk's papers, trial transcripts, or exhibits designated on the record for appeal. Those documents are essential to determining whether there was a genuine issue of material fact. Without those documents, this Court must presume the circuit court's ruling that Strausbaugh raised no genuine issue of material fact was correct. *See Hardy*, 826 So. 2d at 76 (¶26). Accordingly, the summary judgment for the Defendants

should be and is hereby affirmed.

¶6.    **AFFIRMED.**

   **BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, McCARTY AND C. WILSON, JJ., CONCUR.**